CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
for Charlottesville
JUN 20 2006
JOHN F. CORCORAN, CLERK
BY: Fay Coleman
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CRAIG ROHAN ANDERSON,<br><br>*Defendant.* | CRIMINAL CASE No. 3:06-CR-00004-002<br><br>OPINION AND ORDER<br><br>JUDGE NORMAN K. MOON |

This matter comes before the Court on Defendant's Second Motion for Release From Custody Pending Trial, filed June 12, 2006.

On March 6, 2006, the Honorable James G. Welsh, United States Magistrate Judge, arraigned Defendant and ordered that he be detained pending trial. Judge Welsh made findings that Defendant had not rebutted the presumption created by 18 U.S.C. § 3142(e) that no condition or combination of conditions would reasonably assure his appearance and the safety of the community.

Defendant filed his first motion for release from custody on April 6, 2006. By Order dated April 11, 2006, the Court denied the motion, noting Defendant's failure to allege any change of circumstances that would alter the conclusions contained in Judge Welsh's order.

On May 5, 2006, the Honorable B. Waugh Crigler, United States Magistrate Judge, held a bond hearing. April Brown, Defendant's fiancée, testified that she lived with Defendant prior to his arrest and would serve as his custodian, and that her brother would employ Defendant in his

construction business if released. Defendant introduced a document showing himself and Ms. Brown as co-signers on a lease, and a tenant card showing that both are residents of the Lake Monticello's owner's association. Counsel for Defendant represented that Ms. Brown's family could post a bond up to about $3,000 and would help ensure compliance with conditions imposed by the Court.

On cross-examination, Ms. Brown stated that she knows Defendant is not a United States citizen. The Government also asserted without contest that Defendant has a prior drug felony conviction and a conviction for failure to appear. Lieutenant Don Campbell of the Jefferson Area Drug Enforcement (JADE) unit testified that JADE task force members had interviewed dozens of people, many of whom were willing to testify, who stated that Defendant was part of a conspiracy to distribute cocaine base that operated through 2006—including a period after Defendant was given a suspended sentence and on supervision. Lieutenant Campbell also testified that the task force has recordings of telephone conversations between Defendant and other co-conspirators discussing the cocaine business, and that he knows of one witness willing to testify that he saw Mr. Anderson using a firearm during a drug transaction, and another who said he was present during at least a hundred cocaine transactions involving Mr. Anderson and a co-conspirator.

Judge Crigler denied Defendant's motion for bond, citing as grounds the evidence of Defendant's recent drug activity in the community of his residence while on a suspended sentence.

Defendant filed this second motion for release from custody pending trial, stating that he is a resident of Fluvanna County who resided with April Brown before his incarceration; Ms.

Brown[1] is willing to serve as his custodian; he was employed at the time of his arrest and will be able to return to full-time work if released; he has no violent criminal history and would not otherwise pose a danger to the community; and he would not be a flight risk because of his strong ties to the area.

Title 18, United States Code, section 3145(b) provides:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

"When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of release." *United States v. Stewart*, 19 Fed. Appx. 46, 48 (4th Cir. 2001). The factors to be considered in making this determination are set forth at 18 U.S.C. § 3142(g).

After considering all of these factors, the evidence presented at the May 5, 2006 bond hearing, and Defendant's Second Motion for Bond, the Court finds that Defendant has not rebutted the presumption that no condition or combination of conditions will reasonably assure his appearance and the safety of the community. The Court notes in particular the seriousness of the charges against him and the fact that they involve a narcotics conspiracy for which the maximum term of imprisonment is 10 years or more; the weight of the likely evidence against Defendant; his lack of United States citizenship; his alleged commission of conspiratorial acts in his community while on supervision; and his prior criminal history, which includes a drug felony

---

[1] The Court believes that Defendant's reference to "Ms. Haversack" in the first paragraph of his motion is a typographical error, as Haversack is the name of the road where his former residence is located.

and a failure to appear conviction. Defendant's motion for release therefore is DENIED.

It is so ORDERED.

The Clerk of the Court is directed to send certified copies of this OPINION AND ORDER to all Counsel of Record.

ENTERED: *Norman K. Moon*
U.S. District Judge

June 20, 2006
Date